UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CINDY HURST,<br><br>           Plaintiff,<br><br>     v.<br><br>IHC HEALTH SERVICES, INC., a Utah General Non-Profit Corporation, d/b/a CASSIA REGIONAL MEDICAL CENTER; INTERMOUNTAIN HEALTH CARE, INC., a Utah General Non-Profit Corporation,<br><br>           Defendants. | Case No. 4:10-cv-00387-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Rossman Law Group. PLLC's Motion for Relief Pursuant to I.C. § 3-205 (Dkt. 55). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Cindy Hurst sued the defendants in this case alleging various employment claims. She hired Chad Nicholson of the Rossman Law Group ("RLG") to represent her in the case. She and RLG signed a document entitled "Contract To Employ Attorney" to formalize their attorney-client relationship. *Nicholson Decl.*, Ex. A (Dkt. 55-2). Nicholson

**MEMORANDUM DECISION AND ORDER - 1**

then represented Hurst during much of the litigation, including dispositive motion practice.

After the Court denied in part the defendants' motion for summary judgment, the defendants presented Hurst with an offer of judgment for $50,000.00. Nicholson suggested to Hurst that she accept the offer, but Hurst refused to accept it. Nicholson then filed a motion to withdraw as counsel, which the Court granted. Attorney Lincoln Hobbs then entered an appearance for Hurst. A few months later, Hurst and the defendants settled the case for $50,000.00. Based on the contingency fee arrangement set forth in the Contract To Employ Attorney, RLG now asks the Court to order Hurst pay it $20,602.09.

## ANALYSIS

RLG argues that it is entitled to its contingency fee pursuant to Idaho Code § 3-205. That statute states that compensation of attorneys is left to the agreement of the attorney and her client. I.C. § 3-205. It further states that "[f]rom the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whosoever hands they may come; and can not be affected by any settlement between the parties before or after judgment." *Id*. The purpose of this statue is to secure payment for legal services rendered by giving the attorney an interest in the fruits of his labors. *Jarman v. Hale*, 731 P.3d 813, 817 (Idaho 1986).

However, the Idaho Supreme Court has held that the attorney-client contract is like

MEMORANDUM DECISION AND ORDER - 2

any other contract, and either the attorney or the client is entitled to sue for damages for its breach. *Anderson v. Gailey*, 606 P.2d 90, 96 (Idaho 1980). Either non-breaching party to an attorney-client contract shall receive the benefit of the contract if the other breaches it. *Id*. at 96. Thus, a client who discharges an attorney without cause is liable to the attorney for breach of contract, and the liability of the client is limited to the fee specified in the contract diminished by the savings in time and effort to the attorney resulting from discharge." *Id*. The discharged attorney shall not recover a windfall of receiving a full fee for only part performance. *Id*.

Accordingly, had Hurst breached the attorney-client contract and discharged RLG without cause, the Court would have no problem awarding RLG its fees specified in the contract diminished by the savings in time and effort to RLG resulting from the discharge. The problem for RLG is that Hurst did not breach the contract. The Contract To Employ Attorney states that RLG's representation of Hurst "shall terminate upon resolution of this matter or otherwise in accordance with this Agreement." *Nicholson Decl.*, Ex. A (Dkt. 55-2). It then states that the attorneys "shall be entitled to their full fee as set forth in paragraph 3 above, notwithstanding that [Hurst] may discharge Attorneys or obtain the substitution of counsel before Attorneys have completed the services described herein or before resolution of [Hurst's] case. *Id*.

Although RLG tries to suggest that Hurst decided to obtain substitute counsel and effectively terminate RLG, the evidence before the Court tells a different story. Attorney Nicholson filed a motion to withdraw as counsel for Hurst. (Dkt. 39). In his affidavit

MEMORANDUM DECISION AND ORDER - 3

supporting his motion to withdraw, Nicholson did not suggest that Hurst fired him. Instead, he stated that there was a "vast divergence between the firm's professional assessment as to how to proceed in this case and [Hurst's] perspective as to how to proceed." *Nicholson Aff.*, ¶ 3 (Dkt. 40). The "vast divergence" on how to proceed was that Nicholson wanted Hurst to accept a $50,000.00 offer of judgment, and Hurst wanted to reject it. Nicholson then advised Hurst of his intention to withdraw from the matter, and was advised that Hurst had retained new counsel. *Id*. at ¶¶ 6-7.

The Ninth Circuit has indicated that only the client may decide whether to make or accept an offer of settlement. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008). Moreover, a lawyer may not burden a client's decision making process by threatening to withdraw if the client refuses to settle. *Id*.[1]

This case is not a situation where the client tried to stiff her attorney out of a contingency fee by firing him just before she received her settlement. RLG disagreed with Hurst's initial decision not to accept a settlement offer, and then asked the Court to withdraw as Hurst's counsel because of that disagreement. Hurst was then forced to obtain new counsel, and she incurred additional attorney fees in the amount of at least $17,590.04. Had Hurst fired RLG without cause, and then settled the case, RLG would likely be entitled to payment for their services. But that is not what happened.

---

[1] Although *Nehad* addressed a California immigration court case, the principles regarding the attorney-client relationship are quite general and sound. Moreover, the Court found no Idaho cases which would suggest a different conclusion.

**MEMORANDUM DECISION AND ORDER - 4**

Moreover, Idaho Code § 3-205 does not entitle RLG to its fees. Section 3-205 is not an insurance policy for an attorney who violates the general rule prohibiting an attorney from threatening to withdraw if the client refuses to settle. Idaho Code § 3-205 simply codified the common law charging lien held by an attorney on his client's judgment or verdict. *Nancy Lee Mines, Inc. v. Harrison*, 471 P.2d 39, 41 n.4 (Idaho 1970). "A charging lien is the equitable right of an attorney to have fees and costs due him for services in a particular suit secured by the judgment or recovery in such suit . . . ." *Id*. RLG does not have fees and costs due it from Hurst because Hurst did not breach the contract, and the firm unilaterally asked to withdraw from representing her before the case was resolved.[2]

Finally, in *Nehad* the Ninth Circuit cited to a Fifth Circuit case indicating that courts almost universally agree that failure of a client to accept a settlement offer does not constitute just cause for a withdrawing attorney to collect fees. *Nehad*, 535 F.3d at 970 (citing *Augustson v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658, 663 (5th Cir. 1996)). Although the Court could not find an Idaho case on point, the Ninth Circuit's decision tracks with the majority rule adopted by most courts, indicating that "[a]n attorney who voluntarily withdraws from a case without good cause forfeits recovery for services performed." *Hinshaw v. Vessel M/V Aurora*, 2007 WL 4287567, *2 (N.D.Cal. 2007)

---

[2] While the Court concludes that RLG does not have a claim under its retention agreement with Hurst, or under the statute creating an attorneys fee lien, the Court does not offer any view as to whether RLG has a claim for quantum meruit, or a similar legal doctrine, for the reasonable value of services expended by RLG or received by Hurst. That is a question not raised in the proceedings here and is better left to the state courts to resolve.

**MEMORANDUM DECISION AND ORDER - 5**

(internal citation omitted); *see also Bell & Marra, pllc v. Sullivan*, 6 P.3d 965, 970 (Mont. 2000); *Ausler v. Ramsey* 868 P.2d 877, 880 (Wash.App. 1994). Only if the attorney has justifiable cause for withdrawing, may he recovery for services. *Id*. Justifiable cause may include many reasons, but disagreeing with the client's decision not to accept an offer of judgment is not one of them. Accordingly, the Court will deny RLG's motion.

## ORDER

**IT IS ORDERED:**

1. Rossman Law Group. PLLC's Motion for Relief Pursuant to I.C. § 3-205 (Dkt. 55) is **DENIED**.



DATED:  **June 12, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 6**