UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CINDY HURST,<br><br>                Plaintiff,<br>  v.<br><br>IHC HEALTH SERVICES, INC., a Utah General Non-Profit Corporation, d/b/a CASSIA REGIONAL MEDICAL CENTER; INTERMOUNTAIN HEALTH CARE, INC., a Utah General Non-Profit Corporation,<br><br>                Defendants. | Case No. 4:10-cv-00387-BLW<br><br>**ORDER** |

### INTRODUCTION

The Court has before it Rossman Law Group, PLLC's Motion for Reconsideration (Dkt. 60).

### ANALYSIS

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even

ORDER - 1

an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone.  Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous.  There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted).  If the motion to reconsider does not fall within one of these three categories, it must be denied.

Here, Rossman has not met its burden. Rossman may have fleshed out some additional facts not recited in the Court's earlier decision, but they do not the change the Court's opinion of the matter, and the Court will not reconsider its earlier decision.

ORDER - 2

Moreover, Rossman's suggestion that Hurst breached her contract with them because she obtained substitute counsel before the Court formally granted Rossman's motion to withdraw is unpersuasive. It was prudent for Hurst to immediately obtain substitute counsel when Rossman informed her that it could no longer represent her and filed a motion to withdraw as counsel.

## ORDER

**IT IS ORDERED:**

1. Rossman Law Group, PLLC's Motion for Reconsideration (Dkt. 60) is **DENIED**.

DATED: July 31, 2012

B. Lynn Winmill
Chief Judge
United States District Court

ORDER - 3